# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| WNW FRANCHISING, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:23-cv-01205 |
| v. | § | |
| | § | |
| JOAN'S ENTERPRISES, INC. | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT

WNW Franchising, LLC ("Wag N' Wash"), for its Complaint against Defendant Joan's Enterprises, Inc. ("Joan's"), states as follows:

### NATURE OF THE CASE

1.     This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1501, et seq., as well as related state and common law claims, in which Wag N' Wash is seeking injunctive relief and monetary damages for Joan's willful infringement of Wag N' Wash's valuable trademarks.  Specifically, Joan's is infringing Wag N' Wash's rights in its registered and unregistered WAG N WASH® trademarks by using those trademarks to mislead consumers into believing there exists some affiliation, sponsorship, or connection between Wag N' Wash and Joan's when there is none, and by deliberately trading off of the extensive goodwill that Wag N' Wash has developed in its WAG N WASH® marks.

### THE PARTIES

2.     Wag N' Wash is a Delaware limited liability company with its principal place of business located at 17197 N. Laurel Park Drive, Suite 402, Livonia, Michigan 48152.  Wag N' Wash, the owner of the asserted trademarks, operates a full-service pet franchise that offers do-it-

47847181.5

yourself dog wash and drying stations, professional dog grooming services, and retail store services featuring top-of-the-line pet toys, supplies, and its very own gourmet bakery.

3.       In January 2022, WNW Franchising, LLC was formed to acquire the assets, including the asserted trademarks, of Healthy Pet Partners, LLC D/B/A Wag N' Wash, Wag N Wash, Inc., and Healthy Pet Partners Trademarks, LLC, a franchise organization, in an all-cash asset purchase transaction. WNW Franchising, LLC, a wholly-owned subsidiary of PSP Group, LLC, and the owner of all rights, title, and interest in the asserted trademarks, is a franchisor of rights to operate retail pet specialty supply and service stores under the Wag N' Wash name.

4.       On information and belief, Joan's is a Texas corporation with regular places of business in and around Irving, Texas, including at 2211 N O'Connor Rd, Irving, TX 75062, 525 W Irving Blvd, Irving, TX 75060, and 504 North Main St, Euless, TX 76039.  Also based on information and belief, Joan's operates under various business names, including "Joan's Self Services Car Wash," "Joan's Spot Free Car Wash," and "Joan's Car Wash."  Pursuant to Fed. R. Civ. P. 4(h)(1)(B), Joan's may be served by delivering a copy of the summons and complaint to its registered agent, W. Joe Mapes, at 504 North Main Street, Euless, TX 76039, or wherever he may be found.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction under 15 U.S.C. §1121(a), 28 U.S.C. §§ 1331 and 1338 in that this case arises under the Lanham Act (15 U.S.C. § 1051, *et. seq*.), as well as 28 U.S.C. § 1367, and pursuant to the common law of the State of Texas.

6.       Venue is appropriate in this Court under 28 U.S.C. §1391 because a substantial part of the events giving rise to Wag N' Wash's claims occurred in this District and because Joan's is subject to personal jurisdiction in this District.

7.     The Court has personal jurisdiction over Joan's because it is a company organized under the laws of Texas and was doing continuous and systematic business in this District at all relevant times giving rise to the causes of action asserted herein.

## BACKGROUND

### The WAG N WASH® Brand

8.     The Wag N' Wash brand was founded nearly 25 years ago with humble beginnings by Jef Strauss and Dan Remus who started a business that would allow them to spend more time with their beloved dog, Geni.

9.     After opening a modest location that contained a do-it-yourself dog wash station and dog bakery, they found immediate success and began expanding the Wag N' Wash services. In the early 2000s as they added retail and professional pet grooming to their services.

10.     Compelled by a sense of duty to recognize, promote and foster the positive impact that pets and their guardians can have on each other, the mission of Wag N' Wash, then and now, is to enhance the relationship and bond between companion pets and their guardians through products, services and education supporting a healthy lifestyle for pets.

11.     Today, Wag N' Wash locations offer do-it-yourself dog wash units that are one of a kind and professionally designed to put convenience and fun into the "chore" of dog washing. Customers can bring in their dirty dogs and Wag N' Wash will provide everything needed to brush, wash and dry the dogs.

12.     The Wag N' Wash stores also offer professional, full-service grooming by dog groomers who are highly trained and experienced with breeds of all types.

13.     Each Wag N' Wash store also offers a curated assortment of, pet foods, collars and leads, toys, and supplies.

47847181.5

14.     After opening its first store in 1999, the Wag N' Wash franchise has since expanded to 18 franchised locations across seven states, and each one carries the same level of high-quality products and services.  Most Wag N' Wash stores are locally owned and operated, meaning purchases made in the Wag N' Wash stores support the local communities.

### Wag N' Wash's WAG N WASH® Marks

15.     Since 1999, by itself and through its predecessors-in-interest and related companies, Wag N' Wash has continuously used the trademark WAG N WASH® and variations thereof in connection with its do-it-yourself dog wash facilities, and retail store services.

16.     Since the early 2000s, by itself and through its predecessors-in-interest and related companies, Wag N' Wash has continuously used the trademark WAG N WASH® and variations thereof in connection with its professional pet grooming services.

17.     Wag N' Wash offers its services under the trademark WAG N WASH® throughout the United States, through local retailers and on its website located at www.wagnwash.com.

18.     In addition to its widespread and longstanding use, Wag N' Wash owns numerous trademark registrations and applications for its WAG N WASH® mark, the WAG N WASH® design with the circular logo, and the WAG N WASH® horizontal logo, the WAG N WASH® stacked logo, and variations thereof.  Wag N' Wash's U.S. trademark registrations and applications, all of which are validly registered or seeking to be registered on the Principal Register of the United States Patent and Trademark Office ("USPTO"), include the following:

| Mark | Reg. No. / App. No. | Reg. Date / App. Date | Goods/Services Description |
|---|---|---|---|
| WAG N WASH | 3,067,591 | March 14, 2006 | IC 31:     Animal    feed;    animal foodstuffs; animal litter; dog biscuits; dog food; edible dog treats; baked pet treats; pet deli items, namely biscotti biscuits, party bones, liver ravioli, pumpkin ravioli, brownies, meat loaf |

| Mark | Reg. No. / App. No. | Reg. Date / App. Date | Goods/Services Description |
|---|---|---|---|
| | | | and canollis; cat litters, edible cat treats; cat food, cat litter; animal feed; fish meal; mixed animal feed; non-medicated additives for animal feed; nutritional additives for animal foodstuffs, not for medical purposes; pet beverages; pet food; synthetic animal feed<br><br>IC 35:  Retail bakery shops for pet treats and pet deli items; Retail outlets featuring pet grooming preparations, pet foods, pet nutrients, pet treats, pet deli items, pet beverages, pet housing, pet bedding, pet toys, other pet supplies and other pet accessories<br><br>IC 44: Animal grooming; Pet Bathing; Self-service Pet Bathing |
|  | 3,176,022 | November 28, 2006 | IC 35:  Retail bakery shops for pet treats and pet deli items; Retail outlets featuring pet grooming preparations, pet foods, pet nutrients, pet treats, pet deli items, pet beverages, pet housing, pet bedding, pet toys, other pet supplies and other pet accessories.<br><br>IC  044:  Animal  grooming;  Pet Bathing; Self-service Pet Bathing |
|  | 5,226,146 | June 20, 2017 | IC 35:  Retail outlets featuring pet grooming preparations, pet foods, pet nutrients, pet treats, pet deli items, pet beverages, pet housing, pet bedding, pet toys, other pet supplies and other pet accessories; Retail stores featuring bakery shops for pet treats and pet deli items |

| Mark | Reg. No. / App. No. | Reg. Date / App. Date | Goods/Services Description |
|---|---|---|---|
|  | 5,226,147 | June 20, 2017 | IC 44: Animal grooming; Pet bathing services; Providing self-service pet grooming facilities. |
|  | 5,226,148 | June 20, 2017 | IC 35: Retail outlets featuring pet grooming preparations, pet foods, pet nutrients, pet treats, pet deli items, pet beverages, pet housing, pet bedding, pet toys, other pet supplies and other pet accessories; Retail stores featuring bakery shops for pet treats and pet deli items |
|  | 5,226,149 | June 20, 2017 | IC 44: Animal grooming; Pet bathing services; Providing self-service pet grooming facilities |
|  | 5,905,198 | November 5, 2019 | IC 35:  Retail outlets featuring pet grooming preparations, natural pet foods, pet nutrients, pet treats, pet deli items, pet beverages, pet housing, pet bedding, pet toys, other pet supplies and other pet accessories; Retail stores, namely, bakery shops featuring pet treats containing natural ingredients and pet deli items containing natural ingredients |
|  | 5,905,199 | November 5, 2019 | IC 35:  Retail outlets featuring pet grooming preparations, natural pet foods, pet nutrients, pet treats, pet deli items, pet beverages, pet housing, pet bedding, pet toys, other pet supplies and other pet accessories; Retail stores, namely, bakery shops featuring pet treats containing natural ingredients and pet deli items containing natural ingredients. |
|  | 97/396,749 | May 5, 2022 | IC 35: Retail bakery shops for pet treats and pet deli items; Retail outlets featuring pet grooming preparations, pet foods, pet nutrients, pet treats, pet |

| Mark | Reg. No. / App. No. | Reg. Date / App. Date | Goods/Services Description |
|------|---------------------|------------------------|----------------------------|
| | | | deli items, pet beverages, pet housing, pet bedding, pet toys, other pet supplies and other pet accessories.<br><br>IC 44: Animal grooming; Pet Bathing services; Self-service Pet Bathing services. |
|  | 97/388,101 | April 29, 2022 | IC 31: Animal feed; animal foodstuffs; animal litter; dog biscuits; dog food; edible dog treats; baked edible pet treats; pet food in the nature of pet deli items, namely, biscotti biscuits, party bones in the nature of edible chewing bones for dogs, liver ravioli, pumpkin ravioli, brownies, meat loaf and canollis; cat litters, edible cat treats; cat food, cat litter; fish meal for animal consumption; mixed animal feed; non-medicated additives for animal feed; nutritional additives for animal foodstuffs, not for medical purposes; pet beverages; pet food; synthetic animal feed.<br><br>IC 35: Retail bakery shops for pet treats and pet deli items; Retail outlets featuring pet grooming preparations, pet foods, pet nutrients, pet treats, pet deli items, pet beverages, pet housing, pet bedding, pet toys, other pet supplies and other pet accessories.<br><br>IC 44: Animal grooming; Pet Bathing services; Self-service Pet Bathing services. |
|  | 97/388,100 | April 29, 2022 | IC 35: Retail bakery shops for pet treats and pet deli items; Retail outlets featuring pet grooming preparations, pet foods, pet nutrients, pet treats, pet deli items, pet beverages, pet housing, pet bedding, pet toys, other pet supplies and other pet accessories. |

| Mark | Reg. No. / App. No. | Reg. Date / App. Date | Goods/Services Description |
|---|---|---|---|
|  |  |  | IC 044: Animal grooming; Pet Bathing services; Self-service Pet Bathing services. |

(hereinafter, the "WAG N WASH® Marks").

19.　　The above-referenced registrations for the WAG N WASH® Marks are owned by Wag N' Wash, were duly issued in compliance with law, are valid and subsisting, and constitute prima facie evidence of Wag N' Wash's exclusive rights to use the marks in connection with the identified services. Further, some of these registrations have become incontestable.  Copies of the above-referenced registrations and applications along with corresponding TSDR records showing current ownership are attached hereto as **Exhibit A** and incorporated herein by reference.

20.　　Wag N' Wash has spent significant time, effort, and resources establishing the WAG N WASH® brand and the WAG N WASH® Marks in the minds of its customers and the public via advertisements and promotions as representative of Wag N' Wash's high-quality services.

21.　　Wag N' Wash also owns and operates a website at the URL www.wagnwash.com to further increase the connection of the WAG N WASH® brand with its consumers.

22.　　Wag N' Wash has invested extensive time and resources into building the goodwill associated with its WAG N WASH® Marks.  As a result of these efforts, the WAG N WASH® Marks enjoy a high degree of recognition and goodwill throughout the United States and customers recognize the mark as identifying the services of Wag N' Wash and distinguishing them from others.

23.　　Wag N' Wash uses the WAG N WASH® Marks in a prominent fashion in its advertising and marketing materials, signage, and on its website.

24.     The WAG N WASH® Marks embody Wag N' Wash's considerable goodwill and have become intangible assets of substantial commercial value to Wag N' Wash.

### *Joan's Unauthorized and Infringing Use of the WAG N WASH® Marks*

25.     Based on information and belief, Joan's operates several self-service car washes in and around Irving, Texas.

26.     Based on information and belief, Joan's is offering self-serve dog washing units under the name and mark "WAG AND WASH" (hereinafter the "Infringing Services") at three of its car washes located at:

      a)  2211 N O'Connor Rd, Irving, TX 75062;

      b)  525 W Irving Blvd, Irving, TX 75060; and

      c)  504 North Main St, Euless, TX 76039.

27.     Examples showing Joan's infringing use of Wag N' Wash's marks on exterior signage in connection with Joan's Infringing Services are shown below:









28.    Examples of Joan's infringing use of Wag N' Wash's marks on coin machines used to purchase and operate Joan's Infringing Services are below:





29.     An example of infringing use of Wag N' Wash's marks in online marketing for

Joan's Infringing Services is shown below:



30.     Joan's is using Wag N' Wash's marks in its Facebook Username <WAGandWASHirving> and on its Facebook page.  A printout of Joan's Facebook page is attached as **Exhibit B** and incorporated herein by reference.

31.     Wag N' Wash has not licensed or otherwise authorized Joan's to use any of its WAG N WASH® Marks in any manner whatsoever.

32.     Joan's is using Wag N' Wash's marks in connection with identical or closely related services offered in the same marketing channels that Wag N' Wash uses to offer and provide its services under the WAG N WASH® Marks, and to the same or similar target customers.

33.     The name and trademark "WAG AND WASH" is virtually and essentially identical to the WAG N WASH® Marks.

34.     Based on information and belief, Joan's is well aware of the goodwill and market value of the WAG N WASH® Marks, and has deliberately and improperly capitalized upon that goodwill.

35.     As a direct and proximate result of Joan's unauthorized conduct, Wag N' Wash has been and will be damaged by confusion among consumers as to Wag N' Wash's association or connection with, or endorsement or authorization of, Joan's and Joan's Infringing Services, at least in part in ways that cannot be adequately measured or fully remedied by monetary damages.

36.     As a result of Joan's misappropriation of the WAG N WASH® Marks, Joan's has caused, and will continue to cause, irreparable injury to Wag N' Wash and has substantially damaged the value of the WAG N WASH® Marks.

37.     On June 14, 2022, Wag N' Wash sent a letter to Joan's demanding that it cease and desist its infringing use of the WAG N WASH® Marks.  A true and correct copy of Wag N' Wash's June 14, 2022 letter to Joan's is attached hereto as **Exhibit C** and incorporated herein by reference.

38.     Joan's ignored and did not respond to Wag N' Wash's June 14, 2022 letter.

39.     On July 15, 2022, Wag N' Wash then sent a follow-up letter to Joan's, with a copy to the Joan's car wash facility located at 2211 N O'Connor Rd, Irving, TX 75062, forwarding Wag N' Wash's June 14, 2022 letter demanding that it cease and desist its infringing use of the WAG N WASH® Marks.  A true and correct copy of Wag N' Wash's July 15, 2022 letter to Joan's is attached hereto as **Exhibit D** and incorporated herein by reference.

40.     Joan's again ignored and did not respond to Wag N' Wash's July 15, 2022 follow-up letter.

41.     Wag N' Wash subsequently learned that the copy of the July 15, 2022 letter sent to Joan's location by FedEx at 2211 N O'Connor Rd, Irving, TX 75062 was undeliverable.

42.     As a result, on or about November 11, 2022, legal counsel for Wag N' Wash called Joan's and no one answered.

43.     On November 14, 2022, counsel for Wag N' Wash again called Joan's and left a voicemail stating Wag N' Wash had been trying to reach the owner of Joan's and requested a return call from the owner or details on how to reach the owner of Joan's.

44.     Joan's ignored and did not respond to the November 14, 2022 voicemail.

45.     Finally, on or about December 6, 2022, legal counsel for Wag N' Wash called Joan's and had a telephone conversation with Joe Mapes, who identified himself as the new owner of Joan's since his father recently died. Mr. Mapes stated he was responsible for the operation of Joan's Infringing Services.  Counsel notified Mr. Mapes that Wag N' Wash objected to Joan's unauthorized use of the WAG N WASH® Marks and had not received a response to its letters demanding that Joan's cease and desist its infringing use of the WAG N WASH® Marks.  In

response, Mr. Mapes claimed the letters were sent to an old address and provided Joan's current mailing address to which Wag N' Wash could forward its original June 14, 2022 letter.

46.     On December 12, 2022, and based on the information from Mr. Mapes, Wag N' Wash sent a new letter to Joan's, in which it forwarded the prior letters demanding that Joan's cease and desist its infringing use of the WAG N WASH® Marks.  A true and correct copy of Wag N' Wash's December 12, 2022 letter to Joan's is attached hereto as **Exhibit E** and incorporated herein by reference.

47.     Joan's did not respond to Wag N' Wash's December 12, 2022 letter.

48.     On January 18, 2023, Wag N' Wash sent a follow-up letter to Joan's at the address provided by Mr. Mapes demanding that it cease and desist its infringing use of the WAG N WASH® Marks and forwarded a copy of the December 12, 2022 and June 14, 2022 letter.  A true and correct copy of Wag N' Wash's January 18, 2023 letter to Joan's is attached hereto as **Exhibit F** and incorporated herein by reference.

49.     Joan's ignored and did not respond to Wag N' Wash's January 18, 2023 letter.

50.     Since February 14, 2023, counsel for Wag N' Wash has called Joan's three times, leaving voicemails for Mr. Mapes requesting a return call with details on Joan's plan for phasing out the infringing use of the WAG N WASH® Marks.

51.     Joan's ignored and did not respond to any of the voicemails.

52.     As of the date of this Complaint, Wag N' Wash continues to infringe the WAG N WASH® Marks in the ways described in this Complaint.

53.     As of the date of this Complaint, Joan's social media marketing materials still display infringing uses of Plaintiff's WAG N WASH® Marks.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

54.    Wag N' Wash realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

55.    Wag N' Wash owns valid and enforceable rights in the WAG N WASH® Marks in connection with the services it offers and provides in connection therewith by virtue of its extensive use, promotion, and advertisement of the marks, as well as its federally registered trademarks, and has possessed such rights at all times material hereto.

56.    Joan's has knowingly used and continues to use in commerce, without Wag N' Wash's consent, the WAG N WASH® Marks, or colorable imitations thereof, in connection with advertising, marketing, offering and providing Joan's Infringing Services.

57.    Such use is likely to cause confusion, mistake, or deception among consumers and constitute willful infringement of Wag N' Wash's exclusive rights in the federally registered WAG N WASH® Marks in violation of 15 U.S.C. §§ 1114.

58.    Joan's has actual and constructive notice of Wag N' Wash's federal trademark rights.

59.    Joan's has been and is using the WAG N WASH® Marks with full knowledge of and willful disregard for Wag N' Wash's rights in the WAG N WASH® Marks.

60.    Joan's unlawful actions have been entirely without the consent of Wag N' Wash and have caused and are likely to cause severe damage to Wag N' Wash.

61.    As a direct and proximate result of Joan's conduct, Wag N' Wash has suffered damage to the valuable WAG N WASH® Marks, as well as harm to its valuable goodwill and reputation.

47847181.5

62.     Unless Joan's is restrained from further infringement of the WAG N WASH®
Marks, Wag N' Wash will continue to be irreparably harmed.  An award of money damages alone
cannot fully compensate Wag N' Wash for its injuries, and Wag N' Wash has no adequate remedy
at law.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

63.     Wag N' Wash realleges and incorporates by reference the allegations contained in
the preceding paragraphs as if fully set forth herein.

64.     The WAG N WASH® Marks are distinctive.  Wag N' Wash owns valid and
enforceable rights in the WAG N WASH® Marks in connection with the services it offers and sells
and has possessed such rights at all times material hereto.

65.     Wag N' Wash's use of the WAG N WASH® Marks in connection with do-it-
yourself dog wash services and related services predates any use by Joan's.

66.     Joan's has knowingly and intentionally used and continue to use in commerce the
WAG N WASH® Marks in connection with the advertising, promoting, offering, and providing
Joan's Infringing Services.

67.     Joan's knowingly and intentionally offers and provides Joan's Infringing Services
with full knowledge of Wag N' Wash's extensive prior use of the WAG N WASH® Marks.

68.     Wag N' Wash has not authorized, licensed, or otherwise condoned or consented to
Joan's use of the WAG N WASH® Marks.

69.     Joan's marketing, promotion, advertising, offering, and providing Joan's Infringing
Services are likely to confuse, mislead, and/or deceive customers, purchasers, and members of the
general public as to the origin, source, sponsorship, or affiliation of Joan's and Wag N' Wash,

and/or Joan's Infringing Services on the one hand and Wag N' Wash's services on the other, and is likely to cause such people to believe in error that Joan's Infringing Services have been authorized, sponsored, approved, endorsed, or licensed by Wag N' Wash or that Joan's is in some way affiliated with Wag N' Wash.

70.     Such use is likely to cause confusion, mistake, or deception among consumers, as a direct result of Joan's use of the WAG N WASH® Marks in connection with the advertising, promotion, offering of sale, and providing Joan's Infringing Services.

71.     Joan's actions constitute unfair competition, false designation of origin, false or misleading description of fact, and false or misleading representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72.     Joan's actions described herein were knowing and intentional and thus render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

73.     As a direct and proximate result of Joan's conduct, Wag N' Wash has suffered damage to the valuable WAG N WASH® Marks, as well as harm to its valuable goodwill and reputation.

74.     Joan's conduct described herein will continue to cause irreparable damage to Wag N' Wash and confuse the public unless enjoined by this Court.

75.     An award of money damages alone cannot fully compensate Wag N' Wash for its injuries, and Wag N' Wash has no adequate remedy at law.

### COUNT III
### COMMON LAW UNFAIR COMPETITION
### (MISAPPROPRIATION)

76.     Wag N' Wash realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

77.     Joan's actions violate the common laws of the State of Texas.

78.     Wag N' Wash has spent extensive time, labor, skill, and money establishing the services offered under the WAG N WASH® Marks through many years of expanding the franchise and adding franchisees.

79.     Joan's has engaged in commerce in the State of Texas and this District by marketing, offering, and providing Joan's Infringing Services.  Joan's has advertised its services on its social media and competed unfairly in violation of Texas law by misrepresenting or misleading the public to believe that its services are sponsored by, approved by, affiliated with, associated with, or originated with Wag N' Wash.

80.     Wag N' Wash has been damaged by Joan's unlawful conduct.  Wag N' Wash seeks to recover Joan's profits derived from the sale of Joan's Infringing Services, actual damages, compensatory damages, and all other relief available at law or equity.

81.     Joan's unauthorized use of the WAG N WASH Marks has caused and, unless enjoined by this Court, will continue to cause substantial injury to the public and to Wag N' Wash.

## PRAYER FOR RELIEF

WHEREFORE, Wag N' Wash respectfully requests and prays that the Court:

A.      Enter judgment in Wag N' Wash's favor and against Joan's on all counts of the Complaint;

B.      Determine that Joan's willfully violated the Lanham Act, that Wag N' Wash has been damaged by such violations, and that Joan's is liable to Wag N' Wash for such violations;

C.      Determine that Joan's committed common law unfair competition and misappropriation, that Wag N' Wash has been damaged by such infringement, and that Joan's is liable to Wag N' Wash for common law unfair competition and misappropriation;

D.      Determine that this case is "exceptional" within the meaning of 15 U.S.C. § 1117(a);

E.     Under all claims for relief, issue a permanent injunction enjoining Joan's and its officers, employees, agents, successors and assigns, and all those in active concert and participation with Joan's, and each of them who receives notice directly or otherwise of such injunctions:

      1.     from using in any manner the WAG N WASH® Marks and variations thereof, or any other name, term, phrase, mark, design, device or symbol which so resembles or is similar to the WAG N WASH® Marks so as to be likely to cause confusion, mistake or deception as to source, origin, sponsorship, approval, affiliation or the like;

      2.     from further unlawfully trading upon and misappropriating the goodwill and reputation of the WAG N WASH® Marks;

      3.     from inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts; and

      4.     from making any false or misleading descriptions of fact or false or misleading representations of fact in its commercial advertising or promotion about the nature, characteristics, or qualities of its products or related commercial activities.

F.     Order Joan's to deliver for destruction all promotional and advertising materials, business cards, signs, prints, and other materials, incorporating, bearing, or displaying a trademark confusingly similar to the aforementioned trademarks of Wag N' Wash or which otherwise violates 15 U.S.C. §§ 1114 or 1125(a), in the possession, custody, or control of Joan's, as well as any reproduction, counterfeit, copy, or colorable imitation thereof (including but not limited to the infringing WAG AND WASH mark), and all other materials or means of making the same pursuant to 15 U.S.C. § 1118;

G.     Order Joan's to file with the Court and serve on Wag N' Wash, within thirty (30) days after service on it of such injunction (or such extended period as the Court may direct), a report in writing and under oath, setting forth in detail the manner and form in which Joan's has complied with the injunction;

H.     Order Joan's to transfer the < WAGandWASHirving> Facebook Username and any other online accounts incorporating a trademark confusingly similar to the WAG N WASH® Marks, or which otherwise violate 15 U.S.C. §§ 1114 or 1125(a), to Wag N' Wash or its designee;

I.     Order directing other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service offered or promoted by Joan's is authorized by Wag N' Wash or related in any way to Wag N' Wash's services;

J.     Order that Joan's account for and pay over to Wag N' Wash all gains, profits, and advantages derived from its violation of 15 U.S.C. §§ 1114 and 1125(a) and the

common law, and also pay to Wag N' Wash the damages which Joan's has sustained by reason of such violations, together with legal interest from the date of accrual thereof;

K.      An award of Wag N' Wash's damages trebled or, alternatively, an award of Joan's wrongful profits trebled, whichever is greater, plus Wag N' Wash's costs and attorney's fees, pursuant to 15 U.S.C. § 1117;

L.      An award to Wag N' Wash of its costs incurred in this action, including an award of reasonable attorney fees under 17 U.S.C. § 1114;

M.      An award of Wag N' Wash's damages arising out of Joan's acts;

N.      Order Joan's to file with the Court and provide to Wag N' Wash an accounting of all sales and profits realized by Joan's through the use of the WAG N WASH® Marks and any confusingly similar marks or counterfeits, copies, reproductions or colorable imitations thereof (including but not limited to the WAG AND WASH mark);

O.      Award interest, including pre-judgment interest on the foregoing sums; and

P.      Grant Wag N' Wash any other relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Wag N' Wash demands a trial by jury on all issues present in this civil action.

47847181.5

Dated: May 25, 2023

/s/ Cody L. Towns
Cody L. Towns
Texas Bar No. 24034713
Elizabeth E. Hampton
Texas Bar No. 24125264
**TOWNS LAW FIRM, P.C.**
4835 Lyndon B. Johnson Fwy., Suite 750
Dallas, TX 75244
Telephone: (469) 421-1500
Facsimile: (469) 421-1505
Email: ctowns@townslawfirm.com
        ehampton@townslawfirm.com

Deborah J. Swedlow (to be admitted pro hac vice)
Amanda M. Blackburn (to be admitted pro hac vice)
**HONIGMAN LLP**
315 E Eisenhower Pkwy.
Suite 100
Ann Arbor, MI 48018
Telephone: 734-418-4200

**ATTORNEYS FOR PLAINTIFF**
**WNW FRANCHISING, LLC**